PERKINS *v.* STATE.

[95 South. 95. No. 22970.]

1. CRIMINAL LAW. *Denial of request by accused to suspend trial to procure impeaching witness held not erroneous.*

In a criminal case, it is not error to refuse to suspend the trial to enable the defendant to procure the attendance of a witness for the sole purpose of impeaching a prosecuting witness. This is especially true where the defendant had been tried in a justice court, and had appealed the case, and had a full opportunity to investigate the case and consult the witnesses as to the facts.

2. WITNESSES. *Exclusion of evidence that state witness was drunk some hours prior to time he made purchase not error.*

In a trial of one charged with the unlawful sale of intoxicating liquor, it is not reversible error to exclude evidence that the state witness was drunk some hours prior to the time he fixed in his evidence that the purchase was made.

3. CRIMINAL LAW. *Where judgment is not correct, case will be remanded for proper sentence.*

Under sections 2 and 3 of the Laws of 1922, chapter 210, it is made mandatory to impose jail sentence and fine, at least to the minimum provided; and it is not within the power of the court to suspend

the same, and where the minimum fine and a jail sentence is not kept in force in the judgment, such judgment will be reversed, and the cause remanded for a proper sentence.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

O: D. Perkins was convicted of the sale of intoxicating liquors, and sentenced to pay a fine of five hundred dollars and to serve six months in the county jail, and to stand committed until two hundred and fifty dollars of the fine and all costs were paid and two months of the jail sentence served. The defendant appeals from the judgment, and the state cross-appeals from the judgment undertaking to suspend a part of the sentence. Affirmed on direct appeal; reversed and remanded on cross-appeal.

*W. J. Lamb,* for. appellant.

In order that the appellant might have a fair and impartial trial it was imperative that this witness Suggs go into court and testify. We do not think it was an unreasonable request for the court to allow the appellant as much as an hour and a half's time to obtain this witness, when the proof shows it would not have taken over fifteen minutes to have gotten him because he was within eight blocks of the courthouse.

Justice requires some things, even a few minutes delay, and we think that it was an abuse of discretion on the part of the trial judge not to allow the appellant a short length of time in which to have obtained this witness to testify in his behalf. As to what constitutes an abuse of discretion on the part of the court, each case must stand for itself as shown by the facts of that case, and it is useless to cite authorities where the discretion exercised by the court has been held an abuse.

The record shows in this case that neither the appellant nor his attorneys had any opportunity to get out of the court room long enough to find the witness themselves, or get anyone else to find the witness, for the record shows

that the case was ordered by the court to proceed, although an *instanter* subpoena had been asked and obtained and returned unexecuted, and the attorneys for the appellant again requested the court, at the close of all the testimony, to give them an hour and a half within which to procure the witness. There was no delay nor neglect of duty on either the part of the appellant or his attorneys, but it was not within their power to know or learn that the witness for the state would testify to the facts as he did. We respectfully submit to the court that it seems to us that justice and right demanded that the appellant should have had time in which to get the witness, Suggs, in court and we submit that it was error on the part of the court not to allow the time for this to be done. We submit to the court that the verdict in this case is contrary to the overwhelming weight of the testimony.

In the case of *Mobile & Ohio R. R. Co.* v. *Bennett,* 90 So. 113, this court said as follows: "This court is always reluctant to reverse on a finding of fact by a jury, and it is indeed a rare case where it is done, but we think the verdict reached by the jury in this case is contrary to the overwhelming weight of convincing evidence, and for this reason the judgment is reversed, and the case remanded. *Clark* v. *Moyse,* 48 So. 721; *McFadden* v. *Buckley,* 98 Miss. 28, 53 So. 351; *Fore* v. *Railway,* 87 Miss. 218, 39 So. 493, 600; *McQueen* v. *Bostwick,* 12 Smedes & M. 604; *Sims* v. *McIntyre,* 8 Smedes & M. —; *Barbee* v. *Reese,* 60 Miss. 906."

Our fourth assignment of error complains as to the action of the court in refusing to allow the appellant to show that the witness, Williams, for the state, was drunk at the time he claims he was as the place of business of the appellant with the other witness, Finley, when the whiskey was bought.

This was certainly competent proof. The jury was certainly entitled to know the facts as to the character and kind of man that Williams was, and this was one circumstance of the kind that he was, and also would go to show the jury as to whether or not he was drunk enough to know

what he was doing or not.   While it may be a small circumstance, under some circumstances in some cases, still the extent of the witnesses' drunkenness might be of very vital importance to the jury by ascertaining the truth and arriving at a correct verdict in the case.   We submit that this error is well taken and should have been sustained.

*H. T. Odom,* special assistant attorney-general, for the state.

Counsel for the appellant, state as their reason for requesting a suspension of the case until witness Suggs could be obtained, was that they were surprised at the testimony given by the state witness Finley.   At page 34 of the record it will be seen that the same witness testified for the state in the justice court, and that Judge LAMB, one of the attorneys for the appellant in the circuit court, was present and examined said witness in the justice court.   He therefore had every opportunity to learn what witness Finley would testify to in circuit court, and, as stated by the trial court, if he did not do so, it was his own fault.   He should have determined then what witnesses he would need in circuit court and issued subpoenas for them.   Besides this, when the case at bar was called for trial in the circuit court, the appellant, through his counsel, announced ready for trial.   After the court had proceeded with the trial, it was unreasonable to request that same be suspended until appellant would have opportunity to go out and search for witnesses which he should have had on hand before the case was begun.

It is evident that the sole and prime purpose of the testimony of Leonard Suggs is to impeach witness R. L. Finley for the state.   A new trial will not be granted on new evidence the effect of which is to impeach the state's witnesses.   *Demarce* v. *State,* 59 Miss. 355; *Tuberville* v. *State* (Miss.), — So. 333; *Daily* v. *State,* 94 Miss. 863, 48 So. 227, 2 L. R. A. (N. S.) 409; *Campbell* v. *State,* 123 Miss. 713, 86 So. 513.

Again, counsel for appellant complains because the court refused to allow appellant to prove by witness Joseph as appears at page 18 of the record, that at the time that he had a conversation with Williams on the previous day, that said Williams was drunk. Such proposed testimony was clearly incompetent and would have had no bearing on the facts in the case. Appellant had already attempted to impeach witness Williams by showing, by Williams himself, that four years ago he had been convicted or had entered a plea of guilty to a charge of petty larceny. But if it be conceded that it was error on the part of the trial court not to have accepted this testimony, certainly this was harmless error. And it will appear from the record that it did not in any way prejudice appellant's rights.

Counsel next points out by his fifth assignment of error that the verdict is contrary to the facts and the law in the case. I might dispose of this proposition by stating that there was ample evidence on the part of the state to support the charge against the appellant, and on the other hand, there was ample testimony in support of appellant's defense of an alibi to warrant an acquittal if the jury had believed their testimony. This is simply a case where the evidence conflicts, and in such a case of conflicting testimony, it is a question purely for the jury.

Where the evidence conflicts, the case is peculiarly for the jury and the verdict will not be disturbed, though the appellate court would have rendered a different verdict. *Brown* v. *State,* 103 Miss. 639, 60 So. 726; *Jackson* v. *State,* 105 Miss. 782, 63 So. 269; *Felder* v. *State,* 108 Miss. 580, 67 So. 56.

The credibility of witnesses and the weight of the testimony is the sole province of the jury, tryers of the facts. *Osborne* v. *State,* 99 Miss. 410, 55 So. 52; *Jackson* v. *State,* 105 Miss. 782, 63 So. 269; *Simmons* v. *State,* 109 Miss. 605, 68 So. 913; *Wells* v. *State,* 112 Miss. 76, 72 So. 859; *Spright* v. *State,* 120 Miss. 752, 83 So. 84.

This court is reluctant to set aside the verdict of the lower court and will not do so unless clearly wrong. *Skinner* v. *State,* 53 Miss. 399; *Schwall* v. *State* (Miss.), 21 So.

660, not officially reported; *Alexander* v. *State* (Miss.), 21 So. 923, not officially reported.

ETHRIDGE, J., delivered the opinion of the court.

Perkins was convicted of the sale of intoxicating liquors, and sentenced by the circuit court to pay a fine of five hundred dollars and to serve a six months' term in the county jail, to—"stand committed until two hundred and fifty dollars of the fine and all costs are paid and two months of the jail sentence is served. The balance of the fine and the balance of the jail sentence is held up and suspended until such a time as defendant shall again be convicted for violating the prohibition laws of this state for an offense heretofore committed in the First judicial district of the state of Mississippi."

The state witnesses were two federal agents employed in the state of Mississippi, who each testified that on the 15th day of June they went to the appellant about 2:30 p. m. and bought a half pint of whisky for two dollars from the appellant. On cross-examination one of these witnesses stated that the appellant had been pointed out to him on a former day by some person whose name he did not know, and was asked by the defendant on cross-examination if it was Leonard Suggs. He stated he did not know. He then asked if the man was not tattooed, and he said he was. Thereupon counsel for the defendant had a subpoena issued for Suggs, which was returned without being served on Suggs. At the conclusion of all of the evidence for the state and the defendant, counsel asked the court to suspend the trial for an hour and a half, so as to enable him to get Suggs, who, he stated, was in the city of Corinth at work somewhere, which the court refused to do.

The defendant introduced much evidence tending to show that he was sick in bed on the day in question, and testified himself to this effect, and that he did not go to his place of business on that day, where the state's witnesses testified the sale was made. He also introduced

many witnesses whose evidence tended to show that the defendant enjoyed a good reputation as a peaceful and law-abiding man. Appellant also offered to prove that on the morning preceding the alleged purchase at 2:30 p. m. that one of the state's witnesses, being one of the prohibition enforcement officers, was drunk, which evidence the court excluded.

The defendant assigns for error the refusal to suspend the trial at the close of the evidence until he could procure Suggs, and also that the court erred in excluding the evidence that he was drunk in the morning preceding the sale, and also that the verdict was contrary to the evidence. None of these contentions can prevail. Suggs was not named as a witness by the state witnesses, and the evidence sought to be obtained from Suggs, which was produced on the motion for a new trial, would have been merely to impeach a witness, and about a collateral matter at that. The court will not grant new trials merely to obtain impeaching witnesses. The record shows that there was a trial in the mayor's court, and all the facts might have been learned in advance of the trial, and the conflict in the evidence on this record was entirely for the jury. It was not reversible error to rule out the proof that the state witness was drunk in the morning preceding the sale of the whisky.

The state procured a cross-appeal from the judgment of the circuit judge that undertakes to suspend a part of the sentence, setting forth that such suspension is in violation of chapter 210, Laws of 1922, which act makes it mandatory for the convicted person to serve not less than ninety days in jail, in addition to the money fine prescribed by law. Section 3 thereof provides that neither a justice of the peace nor a judge shall have authority to suspend the said jail sentence. This act became effective March 13, 1922, the offense was committed on June 15, 1922, and the trial had in July, 1922. At the time of the trial the published acts had not been distributed, and of course the judge's attention was not called to this chapter 210, Laws of 1922,

which annulled his power to suspend sentence as to the offenses named in the act. It is not evident that the judge would have imposed the full six months and five hundred dollars, if he had been aware of the new statute. A suspension indicates that he would have imposed a less sentence.

The judgment will be affirmed on direct appeal, and on cross-appeal reversed and remanded, solely for a new sentence; the trial on the merits standing.

*Affirmed on direct appeal.*
*Reversed and remanded on cross-appeal.*